**GORDON & REES**
**SCULLY MANSUKHANI LLP**
Joseph A. Arnold, Esquire
I.D. No. 91103
jarnold@gordonrees.com
Katharine J. Thompson, Esquire
I.D. No. 313741
kthompson@gordonrees.com
2005 Market Street, Suite 2900
Philadelphia, PA 19103
(215) 717-4008
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HOMELAND INSURANCE COMPANY OF DELAWARE | : : : : |
| Plaintiff, | : Civil Action No. _____ |
| v. | : : : |
| THE DEVEREUX FOUNDATION, | : : |
| Defendants. | : |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Homeland Insurance Company of Delaware ("Homeland"), by and through its attorneys, brings this Complaint for Declaratory Judgment against The Devereux Foundation ("Devereux"), and in support thereof, alleges as follows:

**NATURE OF THE ACTION**

1.   This is an action for declaratory relief under 28 U.S.C. §§ 2201 and 2202, in which Homeland seeks a declaration that it has no duty to indemnify under policies of insurance issued to Devereux for an underlying personal injury lawsuit filed by Eric Johnson that resulted in a jury verdict against Devereux on or about March 17, 2017.

1

## THE PARTIES

2. Plaintiff Homeland is a corporation organized and existing under the laws of the State of Delaware, and has its principal place of business in Plymouth, Minnesota.

3. Defendant Devereux is a Pennsylvania non-profit with its principal place of business at 444 Devereux Drive, Villanova, PA 19085

## JURISDICTION AND VENUE

4. This declaratory judgment action is filed pursuant to 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure to determine an actual justiciable controversy between Homeland and Devereux regarding the parties' rights under policies of insurance.

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6. Venue is proper in this Court under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this lawsuit occurred within this judicial district.

## THE JOHNSON CLAIM

7. On May 14, 2014, Johnson filed a Praecipe for Writ of Summons in the Philadelphia Court of Common Pleas, formally commencing a civil action against Devereux ("Johnson Claim"). The Johnson Claim is titled *Jonson v. Devereux Foundation, et al.*, Case ID 140501360 (Philadelphia County Court of Common Pleas).

8. Devereux received service of the Writ of Summons on June 20, 2014. Copies of the Affidavits of Service are attached hereto as Exhibit A.

9. Counsel for Devereux entered an appearance on June 26, 2014.

10. Johnson filed a Complaint on October 6, 2014, and ultimately a second Amended Complaint on December 23, 2014. A copy of the Amended Complaint is attached hereto as Exhibit B.

11. According to the Complaint, Devereux inpatient client Shykir Crew allegedly eloped from Devereux's Glenmoore (Pa.) facility on June 22, 2011, traveled back to West Philadelphia, and robbed and shot the plaintiff, Eric Johnson, in the early hours of June 23, 2011, causing catastrophic bodily injuries. *See* Exhibit B at ¶¶ 1, 19-22, 35.

12. The Complaint alleges that Devereux was negligent in failing to properly hire and/or instruct its employees on procedures for monitoring the whereabouts of Devereux residents; failing to properly maintain and supervise the premises; and failing to supervise its employees. *See* Exhibit B at ¶ 13.

13. The Complaint also alleges that Devereux was responsible for assault and battery because it stood *in loco parentis* for Shykir Crew, knew of the danger he posed to others, and failed to prevent foreseeable harm. *See* Exhibit B at ¶ 36.

14. On or about March 17, 2017, a jury ruled in favor of Johnson, and against Devereux, in the amount of $11,031,000.

15. The jury found that Devereux, through its employees, was grossly negligent, and that such gross negligence was a factual cause of Johnson's injuries.

16. The docket in the Johnson Claim reflects that post-trial briefing is ongoing.

17. Upon information and belief, upon the conclusion of post-trial motions, Devereux will pursue an appeal.

## **THE HOMELAND POLICIES**

18.     Homeland issued a Health Care Organizations and Providers Professional Liability, General Liability and Employee Benefit Liability Policy to Devereux under Policy No. MPP-5447-13 for the policy period July 1, 2013 to July 1, 2014 ("2013-14 Policy").  A true and correct copy of the 2013-14 Policy is attached hereto as Exhibit C.

19.     The 2013-14 Policy provides limits of $4 million for Each Claim, subject to a $2 million Per Claim deductible, applicable to healthcare professional liability claims.

20.     The 2013-14 Policy's Insuring Agreement states, in pertinent part:

**I.    INSURING AGREEMENTS**

**(A)    Claims Made Professional Liability Insurance:**

> The Underwriter will pay up to the applicable Limit of Liability shown in ITEM 4.A. of the Declarations on behalf of the **Insured** any **Loss**, including **Defense Expenses**, that the **Insured** is legally obligated to pay as a result of any covered **Claim** for a **Professional Services Wrongful Act** happening on or after the **Retroactive Date**; provided, that the **Claim** is first made against the **Insured** during the **Policy Period** or applicable **Extended Reporting Period.**

21.     The 2013-14 Policy includes the following language in the General Conditions section:

**(D)    Reporting of Claims, Occurrences and Circumstances**

(1)     If, during the **Policy Period** or any **Extended Reporting Period**, any **Claim** for a **Wrongful Act** or an **Occurrence** under INSURING AGREEMENT (A) or (C) is first made against any Insured, as a condition precedent to its right to any coverage under this Policy, the **Insured** shall give the Underwriter written notice of such **Claim** as soon as practicable thereafter, but in no event later than:

(a)     thirty (30) days after the Expiration Date or earlier cancellation date of this Policy; or

(b)     the expiration of any Extended Reporting Period.

4

22.     The 2013-14 Policy includes Endorsement No. 4, titled "Grace Period for Notice of Claims Upon Renewal of Policy," which states that if the policy is renewed, Clause (1)(a) of General Condition (D) (in paragraph 21, above), is amended to allow Devereux sixty (60) days after the expiration of the policy period to provide written notice of a claim.

23.     The 2013-14 Policy also includes a provision in the General Conditions section related to payment of the deductible, which states in relevant part:

**(A)    Limits of Liability**

(8)     The **Insured** shall be responsible for payment in full of the applicable deductible or self-insured retention stated in ITEM 4 of the Declarations, and the Underwriter's obligation to pay **Loss**, including **Defense Expenses**, under this Policy shall be excess of such deductible or self-insured retention. The applicable deductible or self-insured retention shall apply to each **Claim** or **Related Claims** (subject to the applicable aggregate deductible or self-insured retention amount, if any), and shall be eroded (or exhausted) by the **Insured's** payment of **Loss**, including **Defense Expenses**. The Underwriter shall have no obligation whatsoever, either to the **Insured** or any other person or entity, to pay all or any portion of the applicable deductible or self-insured retention on behalf of the **Insured**. The Underwriter shall, however, at its sole discretion, have the right and option to do so, in which event the **Insured** will repay the Underwriter any amounts so paid.

24.     Homeland renewed the policy under Policy No. MPP-6333-14, for the policy period July 1, 2014 to July 1, 2016 ("2014-16 Policy").  A true and correct copy of the 2014-16 Policy is attached hereto as Exhibit D.

25.     The 2014-16 Policy provides limits of $10 million for Each Claim, subject to a $4 million Per Claim deductible, applicable to healthcare professional liability claims.

26.     The 2014-16 Policy's Insuring Agreement states, in pertinent part:

**I.      INSURING AGREEMENTS**

**(A)    Claims Made Professional Liability Insurance:**

5

>The Underwriter will pay up to the applicable Limit of Liability shown in ITEM 4.A. of the Declarations on behalf of the Insured any Loss that the **Insured** is legally obligated to pay as a result of any covered **Claim** for a **Professional Services Wrongful Act** happening on or after the **Retroactive Date**; provided, that the **Claim** is first made against the **Insured** during the **Policy Period** or applicable Extended Reporting Period, and reported to the Underwriter in accordance with GENERAL CONDITION (C) of this Policy.

27. General Condition (C) states as follows:

> **(C)** **Reporting of Claims, Occurrences and Circumstances:**
>
> (1) If, during the **Policy Period** or any **Extended Reporting Period**, any **Claim** for a **Wrongful Act** under INSURING AGREEMENT (A) or (C) is first made against any **Insured**, as a condition precedent to its right to any coverage under this Policy, the **Insured** shall give the Underwriter written notice of such **Claim** as soon as practicable thereafter, but in no event later than:
>
> (a) thirty (30) days after the Expiration Date or earlier cancellation date of this Policy; or
>
> (b) the expiration of any Extended Reporting Period.

28. The 2014-16 Policy also includes a provision in the General Conditions section related to payment of the deductible, which states in relevant part:

> **(A)** **Limits of Liability**
>
> (7)(a) The **Insured** shall be responsible for payment in full of the applicable deductible or self-insured retention stated in ITEM 4 of the Declarations, and the Underwriter's obligation to pay **Loss** or **Defense Expenses**, under this Policy shall be excess of such deductible or self-insured retention. The applicable deductible or self-insured retention shall apply to each **Claim** or **Related Claims** (subject to the applicable aggregate deductible or self-insured retention amount, if any), and shall be eroded (or exhausted) by the **Insured's** payment of **Loss** or **Defense Expenses**. The Underwriter shall have no obligation whatsoever, either to the **Insured** or any other person or entity, to pay all or any portion of the applicable deductible or self-insured retention on behalf of the **Insured**. The Underwriter shall, however, at its sole discretion, have the right and option to do so, in which event the **Insured** will repay the Underwriter any amounts so paid.

29. The Limits of Liability provision in the 2014-16 Policy also states:

**(A)    Limits of Liability**

(7)(b)  If a "Deductible" is selected under any Insuring Agreement in ITEM 4 of the Declarations, any amounts paid within such deductible will reduce, and may exhaust, the applicable Limits of Liability for such Insuring Agreement.

## DEVEREUX'S INSURANCE CLAIM

30.     Devereux was served with the Writ of Summons in the Johnson Claim on June 20, 2014, during the policy period of the 2013-14 Policy.

31.     Devereux reported the Johnson Claim to Homeland on December 16, 2014, more than 60 days after the 2013-14 Policy expired.

32.     On January 14, 2015, Homeland's claims manager sent Devereux a reservation of rights letter, generally reserving all rights under the policy with respect to coverage for the Johnson Claim.

33.     Homeland's coverage obligation, if any, did not exist until Devereux paid the entirety of the Each Claim deductible.

34.     Therefore, Devereux did not request a defense from Homeland.

35.     Devereux paid for and controlled the defense of the Johnson Claim.

36.     The jury verdict handed down in March of 2017 exceeds the deductible amounts of either policy, thus potentially implicating Homeland's limits.

37.     Accordingly, Homeland seeks a declaration that it has no duty to indemnify Devereux under the 2013-14 Policy and the 2014-16 Policy for the verdict because the Johnson Claim is not covered under either policy.

## COUNT I
**(Declaratory Judgment as to the 2013-14 Policy)**

38. Homeland incorporates herein by reference the allegations set forth in Paragraphs 1 through 37 above.

39. An actual, justiciable controversy exists between Homeland and Devereux concerning their respective rights and obligations under the 2013-14 Policy with respect to the Johnson Claim.

40. The 2013-14 Policy only provides coverage for a "Claim" for a "Professional Services Wrongful Act" that is "first made against the Insured during the Policy Period or applicable Extended Reporting Period."

41. Furthermore, General Condition (D)(1) requires that Devereux, as a "condition precedent" to coverage, provide notice of the Claim to Homeland before the end of the policy period or any extended reporting period, which in this case was extended by the Grace Period endorsement to 60 days after the policy's July 1, 2014 expiration date.

42. The Claim was first made against Devereux at the latest on June 20, 2014, when it was served with the Writ of Summons.

43. In order to satisfy conditions precedent to coverage, Devereux was obligated to report the Claim by no later than September 1, 2014, or 60 days after the policy's expiration date.

44. However, Devereux did not report the Johnson Claim to Homeland until December 16, 2014.

45. Accordingly, the Johnson Claim does not fall within the scope of coverage provided by the 2013-14 Policy.

46. Homeland therefore has no duty to indemnify Devereux for the jury verdict in the Johnson Claim under the 2013-14 Policy.

## COUNT II
### (Declaratory Judgment as to the 2014-16 Policy)

47. Homeland incorporates herein by reference the allegations set forth in Paragraphs 1 through 46 above.

48. An actual, justiciable controversy exists between Homeland and Devereux concerning their respective rights and obligations under the 2014-16 Policy with respect to the Johnson Claim.

49. The 2014-16 Policy only provides coverage for a "Claim" for a "Professional Services Wrongful Act" that is "first made against the Insured during the Policy Period or applicable Extended Reporting Period, and reported to the Underwriter in accordance with GENERAL CONDITION (C) of this Policy," which requires notice no later than 30 days after expiration of the policy period.

50. The Claim was first made against Devereux at the latest on June 20, 2014, when it was served with the Writ of Summons.

51. Therefore, the Claim was first made prior to the start of the 2014-16 Policy Period.

52. Accordingly, the Johnson Claim does not fall within the scope of coverage provided by the 2014-16 Policy.

53. Homeland therefore has no duty to indemnify Devereux for the jury verdict in the Johnson Claim under the 2014-16 Policy.

WHEREFORE, Plaintiff Homeland respectfully requests that this Honorable Court enter judgment in its favor and against Defendants, as follows:

    a.    With respect to Count I, a declaration that Homeland has no duty to indemnify Devereux for the Johnson Claim;

Case 2:17-cv-02415-CDJ   Document 1   Filed 05/26/17   Page 10 of 10

b. With respect to Count II, a declaration that Homeland has no duty to indemnify Devereux for the Johnson Claim; and

c. An award to Homeland of its costs of suit and such other relief the Court deems just and appropriate.

        Respectfully submitted,

        GORDON & REES
        SCULLY MANSUKHANI LLP

Dated: May 26, 2017

By:   /s/ Joseph Arnold
       Joseph A. Arnold
       I.D. No. 91103
       jarnold@gordonrees.com
       Katharine J. Thompson
       I.D. No. 313741
       kthomspon@gordonrees.com
       2005 Market Street, Suite 2900
       Philadelphia, PA 19103
       (215) 717-4008

*Attorneys for Plaintiff Homeland Insurance Company of Delaware*

1137989/33039377v.1

10