MCMONAGLE, PERRI, MCHUGH & MISCHAK, P.C.
By:     WILLIAM M. DAVIS, ESQUIRE          Attorney for Plaintiff
Identification No. 93102
1845 Walnut St., 19th Floor
Philadelphia, PA 19103
(215) 981-0999  Fax 981-0977
wdavis@mpmpc.com

---

| | | |
|---|---|---|
| ERIC JOHNSON | : | COURT OF COMMON PLEAS |
| Plaintiff | : | PHILADELPHIA COUNTY |
| vs. | : | CIVIL SECTION |
| | : | |
| DEVEREUX FOUNDATION, | : | MAY TERM, 2014 |
| | : | NO. 01360 |
| SHYKIR CREW | : | |
| Defendants | : | |

---

## AMENDED COMPLAINT – CIVIL ACTION

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

   YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

   IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
One Reading Center
Philadelphia, PA 19107
Telephone: 215-238-6333

Johnson Vs Devereux Foundation Etal-CMAMD


14050136000032

1

## INTRODUCTORY STATEMENT

1. This is a civil action seeking money damages against Devereux Foundation and its agents, servants, workmen, representatives and employees for willful actions, reckless actions or negligent actions in the supervision of juveniles who had been placed in the charge of Devereux Foundation, which led to one such juvenile, Shykir Crew, leaving the Devereux Foundation Placement Facility where he had been ordered placed by a Judge of the First Judicial District of Pennsylvania, and once he had left the premises, on June 22 and 23, 2011, he traveled to Philadelphia and robbed and shot the Plaintiff, Eric Johnson. Plaintiff further alleges that Devereux Foundation failed to instruct, supervise and control its agents, servants, workmen, representatives and employees and that, in turn, the lack of supervision of juveniles, which led to Shykir Crew's leaving Devereux Foundation, was part of a pattern, which was a result of official policy or the custom, practice and normal behavior of the Devereux Foundation and its supervisors, agents, servants, workmen, representatives and employees. Further, the policy makers, supervisors, representatives and employees of Devereux Foundation were deliberately indifferent to the supervision of the juveniles in their charge, while knowing at all times that the juveniles posed a threat to the community if they were to leave Devereux Foundation. The deliberate, reckless and negligent lack of supervision of Shykir Crew, which allowed him to leave Devereux Foundation and return to Philadelphia, where he robbed and shot Eric Johnson, was the direct and proximate cause of the catastrophic injuries suffered by Eric Johnson.

## PARTIES

2. Plaintiff, Eric Johnson, is an adult individual currently residing at 7149 Greenway Ave., Apt. A, Philadelphia, PA 19142.

3. At all times referred to herein, Defendant Devereux Foundation was a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation, duly incorporated and existing under the laws of the Commonwealth of Pennsylvania. In this cause of action, Devereux Foundation acted through its supervisors, agents, servants, workmen and employees, with its principal place of business being 444 Devereux Drive, Villanova, PA 19085.

4. At all times referred to herein, Defendant Devereux Foundation maintained facilities and a place of business at 655 Sugartown Rd., Malvern, PA 19355 and Defendant David Woodward was employed by Devereux Foundation and has an acceptable and proper place for service of process at said address.

5. At all times referred to herein, Defendant Devereux Foundation maintained facilities and a place of business at Devereux Rd., Glenmore, PA 19343 and Defendant Byron Lee was employed by Devereux Foundation and has an acceptable and proper place for service of process at said address.

6. At all times referred to herein, Defendant Devereux Foundation maintained facilities and a place of business at Devereux Rd., Glenmore, PA 19343 and Defendant Byron Lee was employed by Devereux Foundation and has an acceptable and proper place for service of process at said address.

7. At all times referred to herein, Defendant Devereux Foundation maintained facilities and a place of business at 151 Wannamaker Dr., Wallace Township, Chester County, PA.

8. Defendant, Shykir Crew resides at SCI Camp Hill, 2500 Lisburn Rd., Lower Allen, PA 17001.

9. At all times referred to herein, Defendants David Woodward, Byron Lee and Steven Rose worked as agents, servants, workmen, representatives and employees of Devereux Foundation and were acting under the direction and control of Devereux Foundation, and were acting pursuant to the policy, custom, practice and usage of Devereux Foundation, and were at all times acting within the course and scope of their employment and/or agency for a common purpose with Devereux Foundation.

10. In September 2010, Shykir Crew was placed, pursuant to a First Judicial District of Pennsylvania Court of Common Pleas court order, in a facility and eventually came to reside at the Devereux Foundation, Children's Behavioral Health Services, Devereux School, located at 151 Wannamaker Drive, Wallace Township, Chester County, PA. His placement was the result of his manifest and severe behavior issues, his two arrests, one for burglary and one for drug possession, the inability of his parent to provide proper care, as well as other reasons.

11. At all times relevant hereto, Defendant Devereux Foundation owed a duty to the community members and communities from which their juvenile residents had come, to provide a safe and secure facility while the juvenile residents remained in their care, custody or control, knowing that the residents posed a threat and danger and were likely to cause harm to others if they were released or escaped prior to their release from commitment by an appropriate Court.

## COUNT ONE

## NEGLIGENCE

12. Plaintiff, Eric Johnson, incorporates by reference thereto, paragraphs one through eleven, inclusive, as though the same were set forth herein at length.

4

13. The recklessness, gross negligence, negligence and/or carelessness of the defendants consisted of the following:

    (a)     failing to properly and adequately hire and/or instruct the agents, servants, workmen, employees and/or representatives, of defendants herein, as to safe and proper procedures for monitoring the security and whereabouts of residents and/or inmates, such as Shykir Crew, who was a resident and/or inmate upon the premises;

    (f)     failing to provide and maintain proper supervision of the premises, especially providing proper security, monitoring and/or assistance to residents and/or inmates on the defendants' premises;

    (h)     failing to supervise its agents, employees, workmen and/or representatives to ensure the security and whereabouts of its residents and/or inmates;

    (l)     Negligence per se ; and

    (m)     negligence under the theory of res ipsa loquitor, there being no non-negligent cause or explanation for the occurrence described above; and

14. The circumstances under which Plaintiff was injured were such that said injuries to Plaintiff could not have occurred except by defendants' recklessness, gross negligence, negligence and/or carelessness.

15. The aforesaid incident resulted solely from the recklessness, gross negligence, negligence and carelessness of defendants herein and in no manner whatsoever due to any act or failure to act on the part of said Plaintiff.

16. At all times referred to herein, Defendants David Woodward, Byron Lee and Steven Rose worked as agents, servants, workmen, representatives and employees of Devereux Foundation and were acting under the direction and control of Devereux Foundation, and were acting pursuant to the policy, custom, practice and usage of Devereux Foundation, and were at all times acting within the course and scope of their employment and/or agency for a common purpose with Devereux Foundation.

17. Due to the Defendant Devereux Foundation's lack proper policies and training, a lack of supervision by the agents, servants, workmen, representatives and employees of Devereux Foundation, and the negligence of Defendant Devereux Foundation and its agents, servants, workmen, representatives and employees, Shykir Crew was allowed to leave the facility on at least one occasion, if not multiple occasions, prior to June 22, 2011. These prior incidents were known to the Defendant Devereux Foundation and were documented and recorded.

18. Although Defendant Devereux Foundation knew about Shykir Crew's prior incidents of leaving the facility without permission, and although Defendant Devereux Foundation knew of the danger that this action posed to the community, specifically the community in West Philadelphia, where Shykir Crew was known to live with his mother, Defendant Devereux Foundation took no measures to ensure the safety and security of its facility to ensure that Shykir Crew would not be able to leave the facility again.

19. On June 22, 2011, due to the Defendant Devereux Foundation's lack of and improper policies and training, a lack of supervision by the agents, servants, workmen, representatives and employees of Devereux Foundation, and the recklessness and/or negligence of Defendant Devereux Foundation and its agents, servants, workmen,

representatives and employees, Shykir Crew was allowed to leave the facility.

20. As a direct and proximate result of the reckless, grossly negligent and negligent acts of Defendant Devereux Foundation described above, on the night of June 22, 2011 and into the early morning of June 23, 2011, Shykir Crew was allowed to travel to his mother's home in West Philadelphia.

21. As a direct and proximate result of the reckless, grossly negligent and negligent acts of Defendant Devereux Foundation described above, on June 23, 2011, at approximately 2:00 am, while in the area of the 5300 block of Poplar St., Shykir Crew was able to, and did in fact, approach, rob and shoot Plaintiff, Eric Johnson.

22. As a direct and proximate result of the intentional, reckless or negligent acts of Defendant Devereux Foundation described above, Plaintiff, Eric Johnson, suffered serious and permanent injuries to his body, including but not limited to injuries to his back, multiple internal organs and his spine.

23. At the time of Shykir Crew's escape from the Devereux Facility, the area in which Shykir Crew was being held or housed or was occupying was being monitored and overseen by agents, servants, workmen, representatives or employees of Devereux Foundation, however, Shykir Crew was able to simply walk away from the facility, as he had done before.

24. As a direct, proximate and reasonable result of this incident, Plaintiff has been obligated to receive and undergo reasonable and necessary medical treatment and rehabilitative services for the extensive injuries he suffered and to incur various expenses for said treatment and services.

25. As a direct, proximate and reasonable result of this incident, Plaintiff will

incur various reasonable and necessary future medical expenses from the injuries he sustained and Defendants are liable for all of the same.

26. As a further direct, proximate and reasonable result of this incident, Plaintiff has suffered severe and actual loss of his gross income.

27. As a further direct, proximate and reasonable result of this incident, Plaintiff has suffered severe impairment of his earning capacity and power.

28. As a direct, proximate and reasonable result of this incident, Plaintiff will hereafter incur other financial expenses and losses.

29. As a further direct, proximate and reasonable result of this incident, Plaintiff severe physical pain, aches, mental anguish, humiliation, inconveniences and loss of life's pleasures, and he will continue to suffer same for an indefinite time into the future.

30. As a direct, proximate and reasonable result of this accident, Plaintiff has been unable to attend to his daily chores, duties and occupations and will be unable to do so for an indefinite period of time into the future.

31. At no time prior to March of 2014 did Plaintiff have any knowledge, nor was there any reasonable way that Plaintiff could have known, that Shykir Crew had ever been placed at or entrusted into the care of the Devereux Foundation. No reasonable inquiry by Plaintiff would have led him to learn of Shykir Crew's placement or escape from the Devereux Foundation facility or Devereux Foundation's negligence in allowing Mr. Crew to leave the facility.

32. Plaintiff reported the facts of his being robbed and shot to Philadelphia Police and at all times cooperated with their investigation. Plaintiff also cooperated with the Philadelphia District Attorney's Office and the prosecution of Shykir Crew. However,

Plaintiff was never told and had no reason to believe that Shykir Crew had ever been placed at the Devereux Foundation facility, and no reasonable inquiry by Plaintiff would have uncovered this information and the cause of his injury.

33. Plaintiff knew Shykir Crew from the neighborhood they lived in and was familiar with Crew's mother. In making reasonable inquiries of people in the neighborhood, the Philadelphia Police and the Philadelphia District Attorney's Office, Plaintiff never had reason to believe, and all reasonable inquiries could not have revealed, that his injuries were caused by anything more than the actions of Shykir Crew, who Plaintiff knew to be indigent.

WHEREFORE, Plaintiff, Eric Johnson, demands compensatory damages from defendants, jointly and/or severally, in a sum in excess of $50,000.00 plus interest, costs and other relief the Court may deem appropriate.

## COUNT TWO

## ASSAULT AND BATTERY

34. Plaintiff, Eric Johnson, incorporates by reference thereto, paragraphs one through thirty, inclusive, as though the same were set forth herein at length.

35. On June 22, 2011, Shykir Crew escaped from a Devereux Foundation facility and on June 23, 2011, Shykir Crew shot Plaintiff causing catastrophic injuries.

36. Devereux Foundation stood *in loco parentis* for Shykir Crew, knew of the danger he posed to others, due to his history of escapes and criminal behavior, and knew that if he escaped he was most likely to return to his mother's neighborhood, which is exactly what he did. Defendant Devereux Foundation is therefore responsible and liable for the actions of Shykir Crew, which they had reason to foresee and a duty to prevent.

37. At no time prior to March of 2014 did Plaintiff have any knowledge, nor was there any reasonable way that Plaintiff could have known, that Shykir Crew had ever been placed at or entrusted into the care of the Devereux Foundation. No reasonable inquiry by Plaintiff would have led him to learn of Shykir Crew's placement or escape from the Devereux Foundation facility or Devereux Foundation's negligence in allowing Mr. Crew to leave the facility.

38. Plaintiff reported the facts of his being robbed and shot to Philadelphia Police and at all times cooperated with their investigation. Plaintiff also cooperated with the Philadelphia District Attorney's Office and the prosecution of Shykir Crew. However, Plaintiff was never told and had no reason to believe that Shykir Crew had ever been placed at the Devereux Foundation facility, and no reasonable inquiry by Plaintiff would have uncovered this information and the cause of his injury.

39. Plaintiff knew Shykir Crew from the neighborhood they lived in and was familiar with Crew's mother. In making reasonable inquiries of people in the neighborhood, the Philadelphia Police and the Philadelphia District Attorney's Office, Plaintiff never had reason to believe, and all reasonable inquiries could not have revealed, that his injuries were caused by anything more than the actions of Shykir Crew, who Plaintiff knew to be indigent.

WHEREFORE, Plaintiff, Eric Johnson, demands compensatory damages from defendants, jointly and/or severally, in a sum in excess of $50,000.00 plus interest, costs and other relief the Court may deem appropriate.

MCMONAGLE, PERRI, MCHUGH
& MISCHAK, P.C.
1845 Walnut St., 19th Floor
Philadelphia, PA 19103

_____
William M. Davis, Esq.
Attorney for Plaintiff, Eric Johnson

## VERIFICATION

WILLIAM M. DAVIS, ESQUIRE, verifies that the statements made in the foregoing AMENDED COMPLAINT are true and correct to the best of his knowledge, information and belief and understands that false statements herein are made subject to the penalties of 18 Pa. C. S. 4904, relating to unsworn falsification to authorities.

_____
William M. Davis, Esq.
Attorney for Plaintiff, Eric Johnson

## **VERIFICATION**

ERIC JOHNSON, verifies that the statements made in the foregoing AMENDED COMPLAINT are true and correct to the best of his knowledge, information and belief and understands that false statements herein are made subject to the penalties of 18 Pa. C. S. 4904, relating to unsworn falsification to authorities.

*[signature]*
Eric Johnson, Plaintiff

## CERTIFICATE OF SERVICE

WILLIAM M. DAVIS, ESQUIRE, hereby certifies that a true and correct copy of the within document has been served by first class United States mail upon:

Yost & Tretta, LLP
Counsel for The Devereux Foundation
2 Penn Center, Suite 610
1500 JFK Blvd.
Philadelphia, PA 19102

Shykir Crew
SCI Greene
169 Progress Dr.
Waynesburg, PA 15370

WILLIAM M. DAVIS, ESQUIRE
Attorney for defendant

Dated: 12/19/14

14



**AutoScan Batch Card – 1 (Next Document)**