IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOMELAND INSURANCE COMPANY OF DELAWARE, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 17-2415 |
| | : | |
| THE DEVEREUX FOUNDATION and ERIC JOHNSON, | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**SITARSKI, M.J.**                                                                                          **August 7, 2019**

Pending before the Court is Plaintiff's Motion for Leave to Amend its Answers to Defendants' Counterclaims (ECF No. 73), Defendants' Response in Opposition thereto (ECF No. 79), and Plaintiff's Reply in Further Support (ECF No. 81).[1] For the following reasons, Plaintiff's Motion will be GRANTED.

**I.     PROCEDURAL/FACTUAL BACKGROUND**

On May 26, 2017, Homeland Insurance Company of Delaware ("Plaintiff") initiated the instant action against the Devereux Foundation ("Devereux"), seeking a declaratory judgment that it has no duty to indemnify Devereux under two separate insurance policies Devereux purchased from Plaintiff. (Compl. ¶ 1, 14, ECF No. 1). Specifically, Plaintiff sought a declaration that the

---

[1] The Honorable C. Darnell Jones, II referred the matter to me for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). (Order, ECF No. 76).

policies did not provide coverage to Devereux for a loss Devereux sustained as the result of being found liable in a negligence suit.[2] (*Id.*).

Relevant to the instant motion, on February 9, 2018, Devereux filed its Answer, and asserted the following counterclaims against Plaintiff: breach of contract, breach of the duty of good faith and fair dealing, and statutory bad faith under 42 Pa. C.S. § 8371. (*See generally* Answer 12-27, ECF No. 26). Devereux also sought a declaratory judgment that Plaintiff was obligated to provide indemnity coverage under the 2014-2016 Policy. On March 2, 2018, Plaintiff filed its initial Answer to Devereux's Counterclaims. (Initial Answer, ECF 27). Plaintiff raised fifteen affirmative defenses, including that Devereux's failure to comply with the terms and conditions of the policies barred coverage. (*Id.* at 13). Johnson was thereafter joined as Defendant and Counterclaim Plaintiff, pursuant to the terms of the settlement agreement reached in the underlying Johnson litigation.[3]

On December 19, 2018, Plaintiff filed its Third Amended Complaint. (Pl.'s Third Am. Compl. ECF No. 49). Defendants answered the Third Amended Complaint in January of 2019, raising the same Counterclaims. (Johnson's Answer, ECF No. 59; Devereux's Answer, ECF No. 63). On February 15, 2019, Plaintiff filed its Answer to Defendants' Counterclaims, asserting

---

[2] In Pennsylvania state court, Defendant Eric Johnson brought suit against Defendant Devereux in 2014. In his claim, Johnson alleged that one of Devereux's inpatient clients eloped from its Glenmoore, PA facility, then robbed and shot Johnson. In March 2017, a jury ruled in favor of Johnson, and against Devereux, and returned a verdict in the amount of $11,031,000. (Compl. ¶¶ 7, 1-14).

[3] Devereux moved to substitute Johnson as Defendant and Counterclaim Plaintiff, pursuant to Federal Rule of Civil Procedure 25(c). (Mot. to Substitute Party, ECF No. 36). In response, Plaintiff argued that joinder was the more appropriate remedy given Devereux's access to documents relevant to the litigation. (Resp. to Mot. to Substitute Party, ECF No. 37). Judge Jones ordered that Johnson should be added to the suit through joinder, rather than substitution. (Order, ECF No. 42).

sixteen affirmative defenses. (Answers, ECF Nos. 68 and 69). Plaintiff maintained, *inter alia*, that Devereux failed to comply with the terms and conditions of the policies and was therefore not covered by them. (*Id.* at 13).

Meanwhile, Plaintiff's counsel discovered the facts precipitating this Motion to Amend its February 15, 2019 Answers when reviewing the files of Devereux's defense counsel in the underlying Johnson litigation. (Br. in Resp. Ex. A at ¶4, ECF No. 79). On December 14, 2018, Plaintiff's counsel examined emails sent from Devereux's former counsel, Yost & Tretta, to Johnson's counsel regarding the negligence suit. (*Id.* at ¶3-5). These emails showed that, during the summer of 2015, Devereux and Johnson engaged in preliminary settlement discussions.[4] Plaintiff seeks to amend its Answers based on these emails. Specifically, Plaintiff contends that under the policies, Devereux was required to report settlement discussions to Plaintiff; thus, Devereux breached these contracts by failing to disclose the settlement discussions. (Pl.'s Mem. Law, ECF No. 73-1, at 10). Accordingly, Plaintiff seeks to amend its Answers to assert this defense that Devereux's recovery on any alleged counterclaims should be barred, or reduced, based on Devereux's breach of the insurance contract. (*Id.*).

On the day Plaintiff discovered the emails, December 14, 2018, it first raised with Devereux's counsel the issue of Devereux's failure to disclose the 2015 settlement discussions. Pl.'s Reply, ECF No. 81, at 6). On January 24, 2019, Plaintiff told Johnson that Plaintiff's exclusion from the 2015 settlement negotiations was "problematic." (*Id.*; *see also* Reply, ECF No. 81-9, Ex. I at ¶ 13-15). In late March 2019, Plaintiff informed Defendants that Plaintiff wanted to amend its February 2019 Answers; Plaintiff again did so in an April 3, 2019 email, and

---

[4] All parties agree that Plaintiff was not informed of these 2015 discussions. Plaintiff knew nothing about them until the December 2018 discovery production. *See* (Br. in Resp. 5); (Pl.'s Br. 2).

once again in person on April 23. (Br. in Resp. 6, Reply, at 5 n.6). On April 30, Plaintiff's counsel emailed Defendants' counsel "[f]ollowing up on our conversation at the end of Rick Yost's deposition" and requested Defendants stipulate to Plaintiff adding the following defense to its Answers:

> Devereux's right to recover damages (and Johnson's right to recover damages, as Devereux's assignee) is barred or limited by Devereux's own material breach of contract.

(*Id.*). Defendants did not reply, and two days later, on May 2, 2019, Plaintiff filed its Motion seeking leave to amend. (Motion, ECF 73). Fact discovery closed the following day, on May 3, 2019. (*See* Order, ECF No. 71). On May 14, 2019, Defendants filed their Response in Opposition. (Br. in Resp., ECF No. 79).[5] Plaintiff filed its Reply in Further Support on May 21, 2019. (Pl.'s Reply, ECF No. 81).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) sets out the standard for granting leave to amend an answer when, as is the case here, a responsive pleading had been served; "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires," and the Third Circuit has held that "motions to amend pleadings should be liberally granted." Fed. R. Civ. P. 15(a)(2); *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). The fundamental purpose of Rule 15 is to give a party the opportunity to test its claim on the merits. *United States ex rel Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 249 (3d Cir. 2016).

---

[5] Devereux filed a joinder in Johnson's opposition (ECF No. 80), but advanced no additional arguments.

4

"Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maerski, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility." *Arthur*, 434 F.3d at 204; *see also Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Given the liberal standard of Rule 15(a), the party opposing amendment bears the burden of showing undue delay, bad faith, prejudice, or futility. *Cureton*, 252 F.3d at 273. The decision to grant or deny a motion for leave to amend is within the sound discretion of the district court. *Id.* at 272.

### III. ANALYSIS

Plaintiff seeks leave to amend its most recent Answers to Defendants' Counterclaims (ECF Nos. 68 and 69) to include an additional affirmative defense. (Pl.'s Mem. of Law 4). Specifically, Plaintiff seeks to add the following to its Answers:

> Devereux's right to recover damages (and Johnson's right to recover damages, as Devereux's assignee) is barred or limited by Devereux's own material breach of contract.

(*Id.*). Defendants oppose amendment and argue Plaintiff's Motion should be denied because of undue delay, prejudice and bad faith. (Br. in Resp. 7). As explained in more detail below, the Court finds that Plaintiff did not unduly delay; that Defendants will not be prejudiced; and that Plaintiff did not act with bad faith. Thus, the Court grants Plaintiff leave to amend its Answers.

#### A. Undue Delay

Defendants argue Plaintiff's Motion should be denied because Plaintiff "became aware of the facts underlying its proposed new defense in December 2018," five months before filing the

instant Motion. (Br. in Resp. 8). Thus, Defendants contend Plaintiff's Motion should be denied because of undue delay.

"Delay alone is not sufficient to justify denial of leave to amend." *Arthur*, 434 F.3d at 204. At some point, however, delay becomes "undue," and places "an unfair burden on the opposing party." *Cureton*, 252 F.3d at 273. There is no presumptive period "in which a motion for leave to amend is deemed 'timely;'" courts make a timeliness determination based on the individual facts and circumstances of each case. *Arthur*, 434 F.3d at 205 (collecting cases). "Thus, while bearing in mind the liberal pleading philosophy of the federal rules, the question of undue delay requires that [a court] focus on the movant's reasons for not amending sooner." *Cureton*, 252 F.3d at 273 (citations omitted).

The Court finds that Plaintiff did not unduly delay filing its Motion. Plaintiff first became aware of the facts supporting the breach of contract defense in December 2018. (Reply, ECF No. 81, at 8 n.9). More facts supporting the defense were developed in Devereux's subsequent document productions in April 2019, and a deposition of Devereux's defense counsel in the underlying *Johnson* litigation that occurred on April 23, 2019. (Pl.'s Mem. Law, ECF No. 73-1, at 3). Plaintiff filed the instant Motion on May 2, 2019. (Pl.'s Mot. Amend, ECF No. 73). Under the facts of this matter, I conclude that any delay was not "undue." The delay was, at most, five months, which the Court considers reasonable in light of counsels' efforts to prepare for the depositions in March and April 2019. *See, e.g.*, *Arthur*, 434 F.3d at 204 (stating that "only one appellate court uncovered in our research has approved of denial of leave to amend based on a delay of less than one year."); *Antoine v. KPMG Corp.*, No. 08-6415, 2010 WL 147928 (D.N.J. Jan. 6, 2010) (allowing amendment even though plaintiffs' counsel knew of facts supporting claim for over five months); *Nesselrotte v. Allegheny Energy, Inc.*, No. 06-1390, 2007 WL 3147038, at

6

*4 (W.D. Pa. Oct. 25, 2007) (concluding that "four-month gap between the time that Defendants learned of Plaintiff's conduct establishing the basis for their affirmative defense and counterclaims" was reasonable); *Logan v. In-Ter-Space Servs., Inc.*, No. 07-0761, 2007 WL 2343868, at *2 ("[Plaintiff's] five-month delay in seeking leave to amend is understandable and reasonable.").

Thus, the Court concludes that Plaintiff did not unduly delay amending its Answers, and will not deny it leave to amend on this basis.

### B.     Prejudice

Defendants argue Plaintiff's Motion should be denied because the requested amendment will cause them undue prejudice. (Br. in Resp. 9-10). More specifically, Defendants note that they deposed three Plaintiff witnesses in January of 2019, before Plaintiff had given notice of its intent to raise a new defense, and as a result, they were unable "to explore this defense with those witnesses." (*Id.* at 10). Defendants allege that, because Plaintiff's Motion was filed on the eve of discovery closing, they have been denied their "basic rights to discover relevant information to support their response" to Plaintiff's proposed new defense, and this denial constitutes undue prejudice. (*Id.*). Additionally, Defendants argue that, if Plaintiff is permitted to amend its Answers, it will necessitate reopening discovery, which will result in unnecessary cost and delay. (*Id.*).

The Third Circuit has "consistently recognized . . . that prejudice to the non-moving party is the touchstone for the denial of an amendment." *Arthur*, 434 F.3d at 204 (quoting *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). When determining whether leave to amend would be prejudicial against the non-movant, courts consider whether the amendment "would result in additional discovery, cost, and preparation to

7

defend against new facts or new theories." *Cureton*, 252 F.3d at 273; *see also Adams*, 739 F.2d at 869 (finding no prejudice when no new facts or additional discovery were required). Thus, when determining whether an amendment would cause prejudice, the Court "focuses on the effects allowing amendment would have on the non-movant." *Langbord v. U.S. Dep't. of Treasury*, 832 F.3d 170, 188 (3d Cir. 2016) (citing *Adams*, 739 F.2d at 868).

Here, I conclude amendment will not prejudice Defendants. Defendants have been on notice of this affirmative defense from Plaintiff's pleadings as well as counsels' communications. From the outset, Plaintiff's Answers to Defendants' Counterclaims asserted Devereux's failure to comply with the terms of its insurance policies as an affirmative defense. (Answers, ECF Nos. 68, 69, Fifth Affirmative Defense, 13) ("Devereux is not entitled to coverage under the Homeland policies to the extent it failed to comply with the terms, conditions, definitions, exclusions and other provisions contained in the Homeland policies."). Plaintiff asserts that because the "material breach of contract is not so much a new claim, as the refinement of an existing defense of contractual breach," amendment should be granted, as previous pleadings placed Defendants on notice of Plaintiff's "intent to defend on the basis of Devereux's own contractual breach(es)." (Reply, ECF No. 81, at 4-5).

The Court agrees. Plaintiff asserted a more general affirmative defense that encompasses the more specific proposed amendment. Defendant was aware of the more general iteration of this same defense, so amendment will not be "'prejudicial,' placing an unfair burden on the opposing party." *Adams*, 739 F.2d at 868. Arguably, Defendants were notified of this specific defense on December 14, 2018, when the specific facts were discovered and Plaintiff's counsel "raised these previously-undisclosed settlement demands . . . with [Devereux's then-counsel], and requested that Devereux correct its pleadings accordingly." (Pl.'s Reply, Ex. I, Decl. of Att'y Rosenberg,

8

ECF No. 81-9, at ¶ 10). On January 24, 2019, Plaintiff's counsel reiterated the specific facts and "raised Devereux's failure to communicate to Homeland the Johnson/Devereux 'cost of defense' settlement discussions that took place during the summer of 2015 as problematic." (Reply, ECF No. 81, at 6). In March 2019, Defendants knew Plaintiff was considering refining this specific affirmative defense from counsels' communications. (Br. in Resp., ECF No. 79 at 6; Reply, ECF No. 81, at 5 n.6). On April 30, 2019, Plaintiff's counsel requested Defendants consent to the amendment, but received no reply. (*Id.*). Under the circumstances, I find no unfair prejudice because Defendants were on sufficient notice that Plaintiff asserted a breach of contract defense, and Plaintiff informed Defendants of the more specific facts reasonably soon after the facts were discovered in December 2018. *See, e.g.*, *Cummings v. City of Phila.*, No. 03-0034, 2004 WL 906259, at *3 (E.D. Pa. Apr. 26, 2004) ("Courts in this Circuit have traditionally allowed amendments where the amendment clarified the plaintiff's legal theory or provided specific facts concerning claims already asserted." (citing *Johnston v. City of Phila.*, 158 F.R.D. 352, 354 (E.D. Pa. 1994), *Downey v. Coalition Against Rape & Abuse*, 143 F. Supp. 2d 423, 436-37 (D.N.J. 2001)); *cf. Smith v. Honeywell Intern., Inc.*, No. 10-3345, 2014 WL 301031, at *9 (D.N.J. Jan. 27, 2014) (stating that "[c]ourts have also not found unfair prejudice where the non-moving party had notice of the amendment through earlier [court filings].").

The Court therefore finds that Defendants will not be unfairly prejudiced if Plaintiff is granted leave to amend its Answers.

**C. Bad Faith**

Defendants assert that "the timing and circumstances of [Plaintiff's] filing of the Motion also shows bad faith[,]" as Plaintiff waited until discovery had effectively closed to move for amendment. (Br. in Resp. 13). Defendants argue that because Plaintiff had the factual basis to

9

file its Motion after December 2018 but it did not do so, its timing is suspicious "and has all the hallmarks of a carefully calculated litigation strategy[.]" (*Id.* at 13-14).

The Court does not agree with Defendants. Similar to the "undue delay" analysis, the question of bad faith requires the court focus on the movant's motives for not seeking leave to amend sooner. *See Adams*, 739 F.2d at 868; *see also J.E. Mamiye & Sons, Inc. v. Fidelity Bank*, 813 F.2d 610, 614 (3d Cir. 1987) ("[T]he question . . . of bad faith requires that we focus on the plaintiff's motive for not amending [their filing] earlier."). Here, I find no bad faith by Plaintiff in seeking to amend its Answers. The timing of the motion is insufficient to infer a bad faith motive. *See U.S. v. Approximately 7.9 Acres of Real Property*, No. 92-1273, 1993 WL 284097, at *3 (E.D. Pa. July 28, 1993) (granting amendment where opposing party "claims that a bad faith motive can be inferred from the timing of the motion to amend [but] [t]he mere fact of a delay, however, is not enough to show bad faith."). As noted above, I find the five-month delay is not undue and is reasonable in light of counsel first discovering the facts supporting amendment in December 2018, and developing more facts in depositions as late as April 23, 2019. *Cf. E.E.O.C. v. Hussey Copper Ltd.*, No. 08-809, 2009 WL 918298, at *3 (W.D. Pa. Apr. 2, 2009) ("[T]he court finds that Plaintiff's five month delay in filing the instant motion was reasonable, and thus said delay does not support a finding of bad faith."); *Diallo v. Alo Enterprises Corp.*, No. 12-3762, 2013 WL 3772827, at *4 (D.N.J. July 17, 2013) ("No extrinsic evidence has been proffered to show that Plaintiff acted to harm Defendants and simply failing to add claims that Plaintiff had prior knowledge of does not equate to bad faith.").

Therefore, the Court does not discern bad faith by Plaintiff and will not deny it leave to amend its Answers on this basis.

## IV. CONCLUSION

For the reasons explained herein, Plaintiff's Motion for Leave to Amend is GRANTED. An appropriate Order follows.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge